# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00353-CR

**Jason Britt Redden, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 15-1473-K26, HONORABLE BURT CARNES, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Jason Britt Redden was charged with assault for allegedly causing bodily injury to a member of his household or family. The indictment also alleged a prior family violence conviction. *See* Tex. Penal Code § 22.01(a)-(b). After being charged, Redden entered into a plea-bargain agreement with the State in which Redden agreed to plead guilty to the charged offense in exchange for the State recommending deferred adjudication and community supervision. The district court accepted the terms of the agreement and Redden's plea and sentenced Redden per the agreement. A little over a year later, the State moved to revoke Redden's community supervision and adjudicate his guilt. During a revocation hearing, Redden pleaded not true to all of the State's revocation allegations, but the district court found three of the allegations to be true, revoked Redden's community supervision, and sentenced Redden to ten years' imprisonment. After sentencing Redden,

the district court issued a certification of Redden's right of appeal, specifying that Redden could appeal his "punishment only" because Redden had entered an open plea.

In his appellant's brief, Redden contends that the district court's certification is defective because it incorrectly states that he entered an open plea during the revocation hearing and, accordingly, because it limited his right of appeal to challenging his punishment only. In its appellee's brief, the State agrees that the district court's certification is inaccurate.

Based on the record before this Court, it appears that the district court's certification, signed May 3, 2018, may be incorrect. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (explaining that when determining whether appellant has right to appeal, appellate courts examine trial court's certification for defectiveness, defined as certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate"). Therefore, we abate the appeal and remand the case to the district court either to issue a new certification or to convene a hearing and to issue findings of facts and conclusions of law explaining why Redden's appellate rights in this case were limited to challenging the sentence that was imposed following the revocation hearing. *See* Tex. R. App. P. 37.1 (requiring appellate court to notify parties if there appears to be defect in certification); *Dears*, 154 S.W.3d at 614 (stating that appellate courts have authority under Rules of Appellate Procedure "to obtain another certification, whenever appropriate").

The district court clerk is instructed to forward to this Court a supplemental clerk's record containing the amended certification or the findings and conclusions no later than April 1, 2019. *See* Tex. R. App. P. 34.5(c) (stating that if appellate court "orders the trial court to prepare and file findings of fact and conclusions of law as required by law, or certification of the defendant's

right of appeal as required by these rules, the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record containing those findings and conclusions").

It is ordered on March 1, 2019.

Before Justices Goodwin, Baker, and Triana

Abated and Remanded

Filed:   March 1, 2019

Do Not Publish